IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS J. COOK, JR., #265 178, ) <br> A/K/A Prince Curtis J. Cook-El, Jr., ) <br>         Plaintiff, ) <br>                                                     ) <br>     v.                                              ) <br>                                                     ) <br> COMMISSIONER JEFFERSON S. DUNN, ) <br> *et al.*,                                     ) <br>                                                     ) <br>         Defendants.                   ) | CIVIL ACTION NO. 2:15-CV-671-MHT <br> [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* 42 U.S.C. § 1983 complaint filed by Plaintiff, a member of the Moorish Science Temple of America incarcerated at the Staton Correctional Facility in Elmore, Alabama. Plaintiff seeks inclusion in the religious exception accommodation to the grooming policy recently adopted by the Alabama Department of Corrections which would allow him to grow a beard of not more than ½ inch in length. Plaintiff, however, did not file the $350.00 filing fee and attendant $50.00 administrative fee nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis*. Absent either the pre-payment of the requisite fees or the granting of *in forma paup*eris status, this case cannot proceed before this court. Consequently, the court entered an order on September 21, 2015, granting Plaintiff fourteen (14) days to file either the affidavit in support of a motion for leave to proceed *in forma pauperis* or the $400.00 filing and administrative fees. *Doc. No. 4*. The court specifically cautioned Plaintiff that failure to comply with the September 21 order would result in a recommendation this case be dismissed. *Id*.

As of the present date, Plaintiff has filed nothing in response to the aforementioned order. The court, therefore, concludes that the pending motion for preliminary injunction should be

1

denied and this case dismissed for Plaintiff's failures to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for preliminary injunction (*Doc. No. 2*) be DENIED and this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of the court.

It is further

ORDERED that **on or before November 23, 2015**, Plaintiff may file any objections to this Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 6th day of November 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE